# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____  )
                                     )
**In re: Search Warrant**            )        00-MJ-138 (JMF)
_____  )

# MEMORANDUM OPINION AND ORDER

**I.     Background**

On November 26, 2013, this Court granted Robert Berman's Motion to Unseal Search Warrant Affidavit(s) [#21] and ordered that the docket in this then-thirteen year-old search warrant case be unsealed in full. See In re: Search Warrant, 00-MJ-138 [#33], 2013 WL 6184458 (D.D.C. Nov. 26, 2013) (providing a detailed account of the prior procedural history in this matter). The Court also interpreted part of Berman's motion as requesting the release of related grand jury materials under Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, and it instructed the government to "advise the Court in writing whether: 1) the records still exist; and 2) whether any or all of them have been made available to Berman." Id. The government promptly notified the Court that it had several hundred pages of grand jury transcripts and related materials, see Notice of Grand Jury Materials Still in Existence [#36], and it volunteered to give Berman all of those documents except "internal government memoranda and notes, all of which almost certainly constitute privileged work product." Government's Reply to Petitioner's Response to Order to Show Cause [#39] at 3. The Court entered the government's proposed order, see Order [#40], and then required Berman to show cause "why this matter cannot now be closed." February 18, 2014, Minute Order to Show Cause.

## II. Grand Jury Materials Related to Other Pending Cases Cannot Be Released in This Case

Berman is a defendant in on-going civil litigation brought by the government, Civil Action No. 03-96, and he also has a proceeding before the Merit Service Protection Board ("MSPB"). See In re: Search Warrant, 2013 WL 6184458, at *1-2, *3, n.6. In his latest filing, Berman persists in his need for all grand jury-related materials, including those that the government has withheld under the work product privilege. See generally Robert A. Berman's Response to Order to Show Cause [#42]. He believes that several documents were simply not disclosed even though they are known to exist because of their mention in various other filings. See id. at 3-6. He also argues that Federal Rule of Evidence 502 requires the release of at least some of the work product because it has been disclosed in another proceeding, see id. at 6-7, and he alleges that the work product privilege is also waived because the government perpetrated a fraud upon this Court in the original search warrant application in 2000. Under Berman's theory, the crime-fraud exception to the work product privilege therefore applies. See In re Grand Jury Proceedings, G.S, F.S., 609 F.3d 909, 912 (8th Cir. 2010) (noting that the crime-fraud exception of United States v. Zolin, 491 U.S. 554, 563 (1989) also applies to the work product privilege).

The government has not filed a response. However, it has previously noted that "[t]o the extent that Berman seeks to obtain any materials beyond the grand jury materials [disclosed by the Court's Order], those requests should be submitted in the normal course of Berman's MSPB and civil litigation." [#39]. The Court agrees with the government that, insofar as the requested grand jury disclosure is unrelated to the present search warrant case, Berman cannot obtain from this Court the relief he seeks. Under the Supreme Court's reasoning in Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 230 (1979), this Court does not believe it is in the best position to have the "special knowledge of the civil actions" to consider Berman's request for further

2

grand jury document releases as they relate to his ongoing MSPB and civil litigation. Instead, a petition directed to Judge John D. Bates of this Court in the civil action and a separate miscellaneous action pursuant to Local Rule of Criminal Procedure 6.1—for the MSPB litigation—would be more appropriate. After all, *this* case is only about the search warrant issued on March 15, 2000, and it would be inappropriate for Berman to use it as a vehicle to seek relief more closely related to other, on-going cases, where he has clear avenues for relief open to him.

### III. Berman Appears to Seek a Franks v. Delaware Hearing

For the past fourteen years, Berman has repeatedly claimed that Special Agent Joseph D. Crook, Jr. "engaged in a deliberate effort to mislead this Court as to the purported facts that supposedly establish the probable cause for the issuance of the warrant." Robert Berman's Response to the Government's Supplemental Motion to Seal Affidavit Supporting Application for Search Warrant [#10] at 2; see also [#21] at 5 ("All such statements would have been known to be false at the time they were made."); [#42] at 8 n.2 ("Misconduct would include, but [is] not limited to, the knowingly false statements in Agent Crook's affidavit [37 at 4-6] . . ."). In at least one motion, Berman argued that he needed the search warrant application unsealed so he could exercise his "constitutional right to challenge the permissibility of the search if the warrant was based on an affidavit containing knowingly false statements or [statements made] with a reckless disregard for the truth." Reply to Response [sic] Motion to Unseal Search Warrant Affidavit(s) [#25] at 5 (sealed)[1] (citing Franks v. Delaware, 438 U.S. 154 (1978)).

Although Berman is not always entirely clear, given his *pro se* status, this Court can only interpret his statements as a request to proceed under Franks. That case outlined a bifurcated procedure where a challenger first offers specific allegations about falsities in the warrant application that are supported by proof. Franks, 438 U.S. at 171. The Fourth Amendment then

---

[1] This filing is available in a public, redacted form at [#34-3].

mandates a hearing if, and only if, the challenger has shown that, had "deliberate falsity or reckless disregard" not been used in the warrant application, there would have been insufficient probable cause to issue the warrant:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

Id. at 171-72.

It is far from clear, however, that this Court has any authority to actually proceed under Franks, let alone provide any relief even if a Franks violation has occurred. At the same time, this Court is also troubled by the prospect that—if Agent Crook did intentionally or recklessly mislead this Court in order to have the original search warrant issued—this Court would be powerless to do anything in response; this would leave Berman with no remedy for a violation of his Fourth Amendment rights. After all, the Supreme Court made clear in Franks that "the Fourth Amendment requires that a hearing be held" if the target of a search warrant can meet his burden. Franks, 438 U.S. at 156. Thus, unlike the exclusionary rule, which is a court-created remedy to address an underlying constitutional violation, a Franks hearing is itself required by the Fourth Amendment under certain circumstances.

This Court is aware of only two remedies for a Franks violation—neither of which is applicable in this case. The ordinary remedy is application of the exclusionary rule and suppression at trial of any evidence illegally obtained. See Franks, 438 U.S. at 171. In at least one case, a magistrate judge remedied a Franks violation by ordering the return of property that was seized as a result of the invalid search warrant. See generally In re Search Warrants Served on Home Health and Hospice Case, Inc., 121 F.3d 700 (4th Cir. 1997) (affirming a ruling by the magistrate judge, who issued the underlying warrant, that a Franks violation had occurred and that, pursuant to a motion to return property under then-Rule of Criminal Procedure 41(e) (now Rule 41(g)), the property had to be returned). Similarly, the D.C. Circuit has suggested that an appropriate remedy for a Franks violation may be a return of property. See In re Search Warrant Dated July 4, 1977, for Premises at 2125 S St., Northwest, Washington D.C., 667 F.2d 117, 136-37 (D.C. Cir. 1981).

Here, however, Berman was not criminally charged—thus there is no evidence to suppress—and he has not alleged that any of his property is still being held by the government. The Court is therefore unsure of whether it has any authority to proceed under Franks. It may well be that Berman has a remedy before Judge Bates in the on-going civil litigation—or that Judge Bates has already adjudicated this very issue. Nevertheless, the Court is troubled that Berman may have no remedy and that this Court would therefore be powerless to ensure that affidavits submitted in support of search warrants are truthful. As the Supreme Court recognized, "[t]he requirement that a warrant not issue 'but upon probable cause, supported by Oath or affirmation,' would be reduced to a nullity if a police officer was able to use deliberately falsified allegations to demonstrate probable cause, and, having misled the magistrate, then was able to remain confident that the ploy was worthwhile." Franks, 438 U.S. at 168. It may well be

that this Court's contempt powers are sufficient to allow it to proceed under <u>Franks</u>—but it is far from clear. <u>See</u> <u>id.</u> at 169 (suggesting that "sanctions of a perjury prosecution, administrative discipline, contempt, or a civil suit are not likely to fill the gap" if the exclusionary rule is not extended to <u>Franks</u> violations, and thus implying that those other remedies still exist). It is similarly unclear whether Berman may proceed before Judge Bates on his <u>Franks</u> allegations in the ongoing civil litigation.

## IV. Conclusion

For the reasons stated above, it is, hereby, **ORDERED** that the Federal Public Defender for the District of Columbia is appointed amicus curiae;[2] and

It is further **ORDERED** that amicus and Robert Berman shall file separate briefs by June 20, 2014, indicating: 1) what authority—if any—exists that would allow this Court to proceed under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978); 2) whether Berman has a remedy before Judge Bates under <u>Franks</u>; and 3) whether Judge Bates has already adjudicated the issue of the veracity of Special Agent Joseph D. Crook, Jr.'s statements in the search warrant affidavit. The government shall file an opposition by July 11, 2014, and amicus and Berman shall file separate reply briefs by July 18, 2014.

**SO ORDERED**.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

---

[2] Due to preexisting commitments, amicus has requested that no briefing be due before mid-June.